**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANDRE RANKIN, # N12514,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00544-SMY |
| ) | |
| **DONALD J. WANACK, VIPIN SHAH,** ) | |
| **THOMAS SPILLER, DONALD GAETZ,** ) | |
| **and B. LITTLE,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andre Rankin, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for the alleged deprivations of his constitutional rights at Pinckneyville in 2013-14. In the complaint, Plaintiff alleges that he was severely beaten by his cellmate on May 22, 2013, after he notified Pinckneyville officials that his cellmate had already stabbed him. Plaintiff was denied adequate medical treatment for his injuries, and his grievances about the assault and lack of medical care were delayed, ignored, and ultimately denied. Prison officials allegedly retaliated against Plaintiff by placing him in segregation for an undisclosed period of time more than a year later, while ignoring his grievances challenging this decision.

Plaintiff now sues Donald Wanack (correctional officer), B. Little (nurse), Vipin Shah (doctor), Donald Gaetz (former warden), and Thomas Spiller (current warden) for violating his

rights under the First, Eighth, and Fourteenth Amendments.[1]  He seeks declaratory judgment, monetary damages, and injunctive relief.

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).  The complaint survives preliminary review under this standard.

## The Complaint

On May 22, 2013,[2] Plaintiff informed C/O Wanack that his cellmate, Robert Biggs, attempted to stab him several times with a ballpoint pin (Doc. 1, p. 3).  He asked C/O Wanack to move him from the cell.  C/O Wanack advised Plaintiff that he would first be required to formally refuse his housing assignment before he could be relocated, and this would result in his placement in segregation.

Plaintiff agreed to follow this procedure.  He refused his housing assignment, and he was taken out of the cell.  The janitor began packing his property.  C/O Wanack completed an incident report and notified Lieutenant Conway, who is not named as a defendant in this action, of Plaintiff's decision.  Lieutenant Conway informed Plaintiff that no cell in the segregation unit was available due to overcrowding.  Plaintiff asked Lieutenant Conway if an alternative arrangement was available, such as placement in a different cell.  Lieutenant Conway said that he would discuss this option with the placement office.

---

[1] Plaintiff also invokes the Court's supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367, but he does not assert any state law claims in the complaint.
[2] Unless otherwise indicated, all relevant events occurred in 2013.

When C/O Wanack learned of these discussions, he became angry. Instead of moving Plaintiff, he ordered Plaintiff to return to his original cell. As Plaintiff walked into his cell, Inmate Biggs said, "I am going to f*ck you up b*tch" (Doc. 1, p. 4). Inmate Biggs then struck Plaintiff over his right eye with an ink pen, causing his head to bleed. He punched Plaintiff in the face repeatedly until Plaintiff lost consciousness. Plaintiff later learned that Inmate Biggs also bit him on the shoulder.

When Plaintiff regained consciousness, C/O Wanack was screaming at him to get off of the floor. Plaintiff could not stand. He was dizzy, and his neck hurt. C/O Wanack handcuffed Plaintiff tightly behind his back and again ordered him to stand. When Plaintiff explained that he was unable to do so, C/O Wanack grabbed one of Plaintiff's legs and dragged him into the dayroom, as Plaintiff's pants fell down below his hips. Eventually, another officer helped Plaintiff stand so that he could walk off of the wing.

C/O Wanack told Lieutenant Conway that Plaintiff "beat himself up" (Doc. 1, p. 4). The correctional officer escorted Plaintiff to the health care unit ("HCU"), and a nurse cleaned Plaintiff's head injury. No other treatment was provided.

During the next six weeks, Plaintiff regularly requested medical care for his injuries, particularly a swollen finger that he could not move and the bite mark he discovered on his shoulder after the assault (Doc. 1, p. 5). Time and again, Plaintiff was provided with inadequate medical care. Instead of treating these injuries, a nurse placed him on suicide watch on May 23rd. When he asked a mental health care provider for medical care on May 25th, he was instead interviewed by an internal affairs officer who accused him of "biting himself" and then threatened him with disciplinary charges. When Plaintiff met with Nurse Little on June 13th after submitting sick call requests on May 28th, June 2nd, and June 9th, she refused to refer him

to a doctor and erroneously noted in his medical chart that he was seen for dental problems (Doc. 1, pp. 5-6). And when Plaintiff finally met with Doctor Shah on July 2nd, the doctor would only speak with him about right hip pain and no other injuries without another round of referrals. Further requests for these referrals resulted in the suspension of Plaintiff's prescription pain relievers on September 16th (Doc. 1, p. 6). Plaintiff's related grievances were delayed, ignored, and ultimately denied by prison officials, including Warden Gaetz.

On July 15, 2014, C/O Wanack placed Plaintiff in segregation for an undisclosed period of time. No disciplinary ticket, investigation, or hearing coincided with Plaintiff's move. Plaintiff maintains that C/O Wanack transferred him to segregation in order to harass, intimidate, and humiliate Plaintiff. When he filed a grievance to challenge this decision, Warden Spiller delayed the grievance. It was ultimately denied (Doc. 1, p. 8).

## Discussion

After carefully reviewing the allegations, the Court finds it convenient to divide the complaint into five counts that are consistent with Plaintiff's characterization of the same. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Defendant Wanack violated Plaintiff's Eighth Amendment rights by failing to protect him from an assault by Inmate Biggs on May 22, 2013 (Doc. 1, p. 8);

**Count 2:** Defendant Wanack violated Plaintiff's Eighth Amendment rights by using excessive force when removing Plaintiff from his cell following the assault on May 22, 2013 (Doc. 1, p. 8);

**Count 3:** Defendant Wanack retaliated against Plaintiff for complaining about his cell assignment with Inmate Biggs, in violation of the First Amendment, by moving him back to the cell with Inmate Biggs on May 22, 2013, and to segregation on July 15, 2014 (Doc. 1, p. 8);

>    **Count 4:**   Defendants Little and Shah exhibited deliberate indifference toward Plaintiff's serious medical needs, in violation of his Eighth Amendment rights, when they denied adequate medical care for the injuries he sustained on May 22, 2013 (Doc. 1, p. 8); and
>
>    **Count 5:**   Defendants Gaetz and Spiller violated Plaintiff's right to due process of law under the Fourteenth Amendment when they delayed, ignored, and ultimately denied his grievances (Doc. 1, pp. 8-9).

**Count 1, Count 2, Count 3**, and **Count 4** articulate viable claims against those individuals named in connection with each claim above. Accordingly, Plaintiff shall be allowed proceed with these claims.

However, **Count 5** fails to state a claim upon which relief may be granted. According the complaint, Wardens Gaetz and Spiller delayed, ignored, and ultimately denied Plaintiff's grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Absent any personal involvement in the underlying deprivation of Plaintiff's constitutional rights, the alleged mishandling of Plaintiff's grievances states no claim for relief. Accordingly, **Count 5** shall be dismissed without prejudice against Wardens Gaetz and Spiller.

However, Warden Spiller, the current warden at Pinckneyville, shall remain in this action, in his official capacity only, for the purpose of carrying out any injunctive relief to which Plaintiff is entitled should he prevail. *See Gonzalez v. Feinerman*, 663 F.3d 315 (7th Cir. 2011)

(proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be decided in a separate Order of this Court.

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part** with respect to Defendants **SPILLER, WANACK, SHAH**, and **LITTLE** and **DENIED in part** with respect to Defendant **GAETZ**.

Finally, Plaintiff has included a request for a preliminary injunction in the complaint. The Clerk shall be directed to add a motion for preliminary injunction as a docket entry in CM/ECF, and this motion shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

### Disposition

The **CLERK** is hereby **DIRECTED** to add a motion for preliminary injunction as a docket entry in CM/ECF

**IT IS HEREBY ORDERED** that **COUNT 5** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **GAETZ** and **SPILLER (in his individual capacity)** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that with respect to **COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for Defendants **SPILLER (in his official capacity), WANACK, SHAH**,

and **LITTLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including a decision on

Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for preliminary injunction.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 14, 2015**

s/ STACI M. YANDLE<br>U.S. District Judge