IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE RANKIN, N12514, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-544-SMY-RJD |
| | ) |
| DONALD J. WANACK, VIPIN SHAH and | ) |
| B. LITTLE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Summary Judgment filed by Defendants Brandy Little and Vipin Shah (Doc. 49). This is a prisoner civil rights action and these defendants argue that Plaintiff Andre Rankin failed to exhaust administrative remedies before filing suit. Defendant Donald J. Wanack has not filed such a motion. For the following reasons, the motion is **GRANTED**.

Rankin filed his Complaint on May 13, 2015 (Doc. 1). Rankin alleges that his constitutional rights were violated while at Pinckneyville Correctional Center ("Pinckneyville"). According to the Complaint, Rankin requested a cell transfer on May 22, 2013 after his cellmate attempted to attack him. Despite his complaints to Correctional Officer Wanack, Rankin was placed back in the cell and was subsequently assaulted by his cellmate. Rankin further alleges that Vipin Shah (prison physician) and Brandy Little (prison nurse) provided inadequate medical care for his resulting injuries.

On July 15, 2015, the undersigned screened Rankin's Complaint pursuant to 28 U.S.C. § 1915A (Doc. 6) and found that Rankin articulated the following colorable claims:

1

**Count 1:** Defendant Wanack violated Plaintiff's Eighth Amendment rights by failing to protect him from an assault by Inmate Biggs on May 22, 2013 (Doc. 1, p. 8);

**Count 2:** Defendant Wanack violated Plaintiff's Eighth Amendment rights by using excessive force when removing Plaintiff from his cell following the assault on May 22, 2013 (Doc. 1, p. 8);

**Count 3:** Defendant Wanack retaliated against Plaintiff for complaining about his cell assignment with Inmate Biggs, in violation of the First Amendment, by moving him back to the cell with Inmate Biggs on May 22, 2013, and to segregation on July 15, 2014 (Doc. 1, p. 8);

**Count 4:** Defendants Little and Shah exhibited deliberate indifference toward Plaintiff's serious medical needs, in violation of his Eighth Amendment rights, when they denied adequate medical care for the injuries he sustained on May 22, 2013 (Doc. 1, p. 8).

## Discussion

Inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Inmates must follow all grievance rules established by the correctional authority. *Id.*

As an Illinois Department of Corrections ("IDOC") prisoner, Rankin must utilize the IDOC grievance process. IDOC regulations set forth a three step grievance process for general prison grievances (i.e., non-emergency grievances and grievances not subject to direct ARB review pursuant to Ill. Admin. Code tit. 20, § 504.870). First, the prisoner must attempt to resolve the issue informally with his counselor. Ill. Admin. Code tit. 20, § 504.810(a). After

receiving the counselor's response, the prisoner may proceed to step two by filing a written grievance with the institution's grievance officer. Id. The grievance officer will then "consider the grievance and report his or her findings and recommendations in writing to the [warden]." Ill. Admin. Code tit. 20, § 504.830(d). The warden will review the grievance officer's recommendation and issue a decision in writing to the prisoner. Id. If the prisoner is dissatisfied with the warden's decision, he may appeal the grievance to the IDOC Administrative Review Board ("ARB") in Springfield. Ill. Admin. Code tit. 20, § 504.850(a). The grievance process is deemed completed when the ARB issues a decision.

Upon review of the documents submitted with the Defendants' motion for summary judgment and the Plaintiff's response in opposition, it is clear that Rankin did not properly exhaust administrative remedies against Defendants Shah and Little. On either June 11, 2013 or June 16, 2013, Rankin drafted a lengthy grievance detailing the incidents with his cellmate and Defendant Wanack (Doc. 50-2, p. 4). In the "relief requested" section of the grievance form, Rankin requests:

> 1) That D. Wanack be suspended pending an investigation of this incident. 2) That inmate R. Biggs be charged for assaulting me with a weapon. 3) That there be no retaliation in respects to this incident [sic]. 4) That I be reimbursed for my watch and property.

*Id*. Rankin's counselor then forwarded the grievance to the Pinckneyville grievance office which received it on June 20, 2013. *Id*. The grievance office later issued a report recommending that Rankin's grievance be denied and the Pinckneyville warden affirmed the recommendation on October 2, 2013 (Doc. 50-2, p. 2). Rankin then appealed the decision to the ARB and the ARB issued a denial on March 3, 2014 (Doc. 50-2, p. 1). Although Rankin's grievance briefly mentions his medical treatment at the Pinckneyville Health Care Unit, it does not mention

Defendants Shah or Little, he doesn't appear to complain about the care received and he doesn't mention medical care in the "relief requested" section. Because Rankin's grievance cannot be said to put the IDOC on notice of any healthcare related problems, it does not properly exhaust administrative remedies against Defendants Shah or Little.

However, Rankin did submit another grievance which does address medical treatment issues. On June 24, 2013 Rankin drafted a grievance complaining of medical treatment he received (Doc. 60-3, p. 2). Rankin states in his grievance that on June 13, 2013, he was placed in sick call line and examined by a nurse. *Id*. When Rankin attempted to notify the nurse (later identified in the Complaint as Defendant Little) that his right hand little finger had been injured in the attack by his cellmate, the nurse told Rankin that the purpose of the examination was to evaluate "teeth pain." *Id*. She declined to examine his hand, but did give Rankin acetaminophen (Tylenol) tablets. *Id*. Rankin's grievance further states that he would like to be examined by a doctor and that he would like to be reimbursed the $5.00 medical co-pay he submitted. *Id*.

While this grievance would have contained sufficient information to exhaust remedies against Defendant Little, there is no evidence in the record to demonstrate that Rankin ever completed all the necessary steps in the grievance process. Rankin's counselor responded to the grievance on June 28, 2013, stating, "The chart reflects that on 6/13/13 you were seen for teeth pain not finger pain. The $5.00 copay should be charged for this visit" (Doc. 60-3, p. 2). After this response, there is nothing in the record indicating that Rankin ever submitted the grievance to the Pinckneyville grievance office or the ARB. In his response to Defendants' motion, Rankin asserts that he "possibly" submitted it to the grievance office (Doc. 60, p. 11), but such speculation is insufficient to survive a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1) ("a party asserting that a fact cannot be or is genuinely disputed must support the

assertion by … citing to particular parts of materials in the record"). There is no evidence that the June 24, 2013 grievance was fully exhausted. Accordingly, Defendants' Motion for Summary Judgment is granted.  The Clerk of Court shall enter judgment in favor of Defendants Brandy Little and Vipin Shah at the conclusion of this litigation.

**IT IS SO ORDERED.**

**DATED:  January 12, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**