IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANDRE RANKIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 15-cv-00544-SMY-RJD |
| DONALD J. WANACK, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# ORDER

**YANDLE, District Judge:**

## Background

Before the Court is Plaintiff Andre Rankin's "Motion to Reconsider Order Doc. 73." (Doc. 75). Rankin seeks reconsideration of the Court's Order granting summary judgment in favor of Defendants Brandy Little and Vipin Shah on the basis of Plaintiff's failure to exhaust administrative remedies. For the following reasons, Plaintiff's motion is **DENIED**.

Pursuant to the Court's Screening Order (Doc. 6), Rankin was allowed to proceed on several claims including an Eighth Amendment deliberate indifference to serious medical needs claim against Nurse Brandy Little and Dr. Vipin Shah (Count 4). Little and Shah were both employees in the Pinckneyville Correctional Center Health Care Unit. According to Rankin's Complaint, on the morning of May 22, 2013, he was involved in a physical altercation with his cellmate Robert Biggs (Doc. 1, pp. 3-4). Rankin later sought medical treatment for injuries he sustained in the altercation. *Id*. at p. 5. He alleges that he received inadequate medical treatment from Nurse Little and Dr. Shah from approximately May through July of 2013. *Id*. at p. 5.

Defendants Little and Shah moved for summary judgment on the basis that Rankin failed to exhaust administrative remedies before filing suit. The Court granted Defendants' motion

without a hearing, concluding that although Rankin did complete the Illinois Department of Corrections ("IDOC") grievance process in relation to the incident with his cellmate, he did not properly exhaust his administrative remedies as to Little and Shah.

## Discussion

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982)). In his motion, Rankin asserts that his June 11, 2013 grievance (filed at Doc. 60-1, pp. 2-7) did in fact exhaust administrative remedies as to Little and Shah.

Rankin's June 11, 2013 grievance form is six pages in length. *Id.* In the "Nature of Grievance" section of the form, Rankin checked the box, "Staff Conduct". *Id* at p. 2. There is also a box on the grievance form for "Medical Treatment," but Rankin did not mark it. *Id*. at p. 2. In the "Relief Requested" section, Rankin wrote:

> 1) That D. Wanack be suspended pending an investigation of this incident. 2) That inmate R. Biggs be charged for assaulting me with a weapon. 3) That there be no retaliation in respects to this incident. 4) That I be reimbursed for my watch and property.

*Id.* at p. 2. Rankin never mentioned medical treatment in this section.

Rankin does refer to medical treatment on page four of his June 11, 2013 grievance:

> [W]hen I arrived at the health care unit, I spoke with Officer Lind #4265 of Internal Affairs (I.A.) and he ask me what happened? [sic] I essentially told him that I was involved in a fight with my cellmate where he stabbed me with an ink pen over my right eye and pushed me several times until I was unconscious after Officer Wanack placed me back into the cell.
> During this conversation, the nurse cleaned my head injury while I told her of the pain in the back of my neck, the dizziness and that I could not straight [sic] my little finger which she assessed as being swollen. Afterwords, [sic] I was taken to (unit 5-C-14) and placed under investigation status in a single man cell at about 2:00 pm. Later in the evening of May 22, 2013, I received my property and shortly thereafter began to wash my body when I noticed a bite impression on my left shoulder. I quickly brought this to

> discovery to the attention of Officer Graham at around 6:00 pm. He simply disregarded my injury stating that he could not see anything through the metal door screen. The next day on May 23rd, I brought this incident to the attention of the nurse who delivered my medication at about 12:00 that day. She looked at my shoulder through the access slot of the cell door (chuckhole) and asked how it happened? I explained that I got bit when I was fighting with my cellmate and I just noticed the bite when I was washing my body yesterday.
>
> On May 24, 2013, I was escorted to the health care unit where I was confronted by two nurses at 8:30 am who accused me of biting myself and placed me on suicide (watch) for 24 hours. During my stay, I was given pain medication twice and my vitals were taken by a nurse. At 4:30 am, on May 25, 2013, I spoke with Mr. Wallace from Mental Health Service (M.H.S.). He informed me that I was on watch for self infliction injuries to my body. I told him it was a fabrication perpetuated by by [sic] I.A. to justify Officer Wanack's actions of putting me back into the cell with resident Biggs who stabbed me over my right eye with an ink pen and bit me on my left shoulder…

(Doc. 60-1, p. 5). There is no further discussion of medical treatment in the June 11, 2013 grievance.

The Court held that the references to medical treatment in the June 11, 2013 grievance did not specifically exhaust administrative remedies as to Defendants Shah and Little. However, Rankin argues that page four of the grievance should be sufficient to exhaust administrative remedies as to these two defendants, despite the fact that he did not identify them by name. In support of his position, Rankin cites to three other cases from this district in which the plaintiff was deemed to have exhausted administrative remedies against prison health care staff members, despite not specifically including their names in grievances: *Godfrey v. Harrington*, No. 3:13-CV-280-NJR-DGW, 2015 WL 8908084 (S.D. Ill. Sept. 23, 2015), report and recommendation adopted, No. 3:13-CV-280-NJR-DGW, 2015 WL 8605305 (S.D. Ill. Dec. 14, 2015); *Kimmel v. Frailey*, No. 3:14-CV-1381-SMY-PMF, 2015 WL 8937758, (S.D. Ill. Dec. 16, 2015); *Brown v. Darnold*, No. 09-CV-00240GPMDGW, 2010 WL 3702373 (S.D. Ill. Aug. 17, 2010), report and recommendation adopted, No. CIV 09-240-GPM, 2010 WL 3613934 (S.D. Ill. Sept. 8, 2010).

All three cases can be distinguished from the instant matter.  In *Godfrey*, the plaintiff's grievance specifically stated that he was receiving inadequate medical care: "If you look at the situation Menard Correctional Center [is] violating my Eight [sic] Amendment Constitutional Right cruel and unusual punishment and inadequate medical care."  *Godfrey*, 2015 WL 8908084, at *1.  Although Rankin mentions medical treatment on page four of his June 11, 2013 grievance, he never directly states or even suggests that he was dissatisfied with the treatment received.

In *Kimmel*, the plaintiff did not specifically name the healthcare staff members in his grievances, but he did mark the box for "medical treatment" on his grievance forms.  *Kimmel v. Frailey*, No. 3:14-CV-1381-SMY-PMF, 2015 WL 8937758, (Defendants' Motion for Summary Judgment, Doc. 79-7).  As to *Brown,* although the discussion of grievance specificity is brief in the Report and Recommendations, it is clear from the plaintiff's Complaint that he marked the box for "medical treatment" on his grievance forms.  *Brown v. Darnold*, No. 09-CV-00240GPMDGW, 2010 WL 3702373 (Plaintiff's Complaint, Doc. 1).  In contrast, there is simply insufficient information included in Rankin's June 11, 2013 grievance to put IDOC on notice that he was dissatisfied with his medical treatment.

Rankin also argues that his June 24, 2013 grievance should be construed as a follow up grievance which would satisfy the exhaustion requirement.  In that grievance, he states that he is dissatisfied with his medical treatment and under "Relief Requested" requests, "1) To see a doctor. 2) To be reimbursed co-payment." (Doc. 60-3, p. 2).  The prison Health Care Unit responded to the grievance on June 25, 2013.  *Id*. at p. 4.  However, there is no evidence that Rankin pursued this grievance any further in the administrative remedies process.

The medical issue was distinct from those mentioned in the June 11, 2013 grievance. Therefore, Rankin should have sent the grievance to the prison grievance office and the IDOC Administrative Review Board. Rankin claims that he "possibly" did so. (Doc. 60, p. 11). However "speculation or conjecture" will not suffice to survive a motion for summary judgment. *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 413 (7th Cir. 2009).

Rankin has not demonstrated a manifest error of law or fact that would warrant reconsideration of the Court's order granting summary judgment for Defendants Shah and Little. Accordingly, the motion is denied.

**IT IS SO ORDERED.**

**DATED: August 14, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**