IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE RANKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-544-SMY-RJD |
| | ) |
| DONALD J. WANACK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Andre Rankin's Motion for Leave to File First Amended Complaint (Doc. 87). Defendant filed a response in opposition to the motion (Doc. 91) and Plaintiff filed a reply thereto (Doc. 92), which the Court will consider in light of the exceptional circumstances delineated by Plaintiff. For the reasons set forth below, the Motion is **GRANTED**.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. Plaintiff is currently proceeding on the following claims:

> Count One: Defendant Wanack violated Plaintiff's Eighth Amendment rights by failing to protect him from an assault by Inmate Biggs on May 22, 2013;
>
> Count Two: Defendant Wanack violated Plaintiff's Eighth Amendment rights by using excessive force when removing Plaintiff from his cell following the assault on May 22, 2013; and

> Count Three: Defendant Wanack retaliated against Plaintiff for complaining about his cell assignment with Inmate Biggs, in violation of the First Amendment, by moving him back to the cell with Inmate Biggs on May 22, 2013, and to segregation on July 15, 2014.

(*See* Docs. 6 and 73).

Plaintiff, through counsel, seeks leave to amend his complaint to include additional, recently discovered information and set forth claims of civil conspiracy, assault, and battery against Defendant Wanack[1]. The newly discovered information, on which Plaintiff bases his proposed claims, consists of statements allegedly made by Defendant Wanack to another inmate, Biggs, instructing Biggs to attack Plaintiff and advising Biggs that he would pretend that he did not see anything.

Plaintiff explains that he did not become aware of Defendant Wanack's statements until sometime around April 15, 2017, when Plaintiff and Biggs happened to be assigned nearby cells at Pontiac Correctional Center (Deposition of Plaintiff Andre Rankin, Doc. 92-2, p. 20). Plaintiff then relayed this newly learned information to his counsel who sought to depose Biggs. Inmate Biggs was deposed on June 22, 2017. Plaintiff filed his motion to amend now before the Court on July 5, 2017, approximately one week before the dispositive motion filing deadline.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits

---

[1] In his proposed first amended complaint, Plaintiff failed to omit reference to the claims he originally set forth against Thomas Spiller, Donald Gaetz, Vipin Shah, and B. Little. These individuals, and the claims brought against them, have been dismissed from this lawsuit. As Plaintiff makes no argument that these individuals should again be brought in as parties to this lawsuit, the Court finds that any reference to them was due to an inadvertent error.

and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Defendant contends that Plaintiff's motion to amend must be denied insofar as it is untimely, prejudicial, and futile. When considering whether a proposed amendment is unduly delayed, courts look to the similarity of the factual basis for the claims in the original complaint to the newly-asserted claims, the moving party's explanation for their delay in raising the new claims, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001). Delay alone, however, "is usually not sufficient to deny a motion for leave to amend," *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016). Indeed, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

Defendant argues Plaintiff's motion to amend is unduly delayed and prejudicial as it was filed four years after the cause of action accrued, more than two years after Plaintiff filed his initial

complaint, and after extensive discovery was conducted and exchanged[2]. Although Defendant takes issue with the timing of Plaintiff's motion, Plaintiff has offered an adequate explanation for his delay — that he was not aware of the new information concerning Defendant Wanack's statements to Inmate Biggs until April 2017. Further, cutting against any possible prejudice to Defendant is that fact that Defendant was able to question Biggs and Plaintiff as to the newly discovered information during their respective depositions. That Defendant was not informed of Plaintiff's intent to add new claims prior to taking these depositions is not evidence of prejudice, as it is well recognized that pleadings may be amended to conform to the evidence, which is the circumstance here. *See Winger*, 82 F.3d at 144. Although the proposed amended complaint does assert new claims against Defendant, the factual basis is substantially the same and allowing the amendment will not unduly increase discovery. Moreover, Plaintiff acted swiftly in filing his motion to amend as it was on file less than two weeks after Inmate Biggs' deposition was completed and prior to the deadline for filing dispositive motions.

Defendant also asserts that Plaintiff's motion should be denied on the basis of futility. In particular, Defendant argues Plaintiff's proposed, additional claims are barred by the applicable statute of limitations as they do not relate back to his original complaint. Plaintiff does not dispute that the relevant statute of limitations period is two years. Plaintiff also does not dispute that his proposed additional claims were not filed within the applicable statute of limitations period. However, Plaintiff argues the additional claims set forth against Defendant Wanack are timely pursuant to Rule 15(c). Rule 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose

---

[2] Defendant erroneously argues that Plaintiff's motion was filed after dispositive motions had been filed. A review of the docket demonstrates that Plaintiff's motion was filed nine days *before* dispositive motions on the merits were due or filed.

out of the conduct, transaction, or occurrence set out –or attempted to be set out—in the original pleading." In other words, Rule 15(c)(1)(B) allows an otherwise time-barred amendment to relate back to the original pleading when the amendment asserts a new claim based on the same core of facts alleged in the original pleading, but involves a new legal theory. *Bularz v. Prudential*, 93 F.3d 372, 379 (7th Cir. 1996). Plaintiff's civil conspiracy, assault, and battery claims relate back to his original complaint. Plaintiff's complaint clearly described the attack on Plaintiff that occurred on May 22, 2013, and the circumstances leading to the same. The emphasis on the circumstances leading up to the attack should have notified Defendant that Plaintiff's complaint, in part, concerned the cause of the attack. Although Plaintiff's new claims supplement the legal theory and facts established in the original complaint, the core set of facts originally alleged give rise to the new claims. Accordingly, Plaintiff's new claims of civil conspiracy, assault, and battery against Defendant Wanack arise from the same occurrence and conduct and relate back to his original complaint.

Finally, although the Court acknowledges Defendant's argument concerning the futility of Plaintiff's § 1983 conspiracy claim, it finds that disposal of this claim at this juncture is inappropriate and Defendant's argument is better suited for a motion to dismiss that can be fully briefed by the parties.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 87) is **GRANTED**. Plaintiff is **ORDERED** to file his proposed amended complaint as the First Amended Complaint by **December 6, 2017**, omitting paragraphs 4-5, 25-28 and otherwise omitting irrelevant references to Vipin Shah, Thomas Spiller, Donald Gaetz, and B. Little.

In light of this Order, the Schedule in this matter is **AMENDED** as follows:

1. The parties may engage in limited discovery necessary to address the newly-added claims in Plaintiff's amended complaint. Any such discovery must be completed by February 5, 2018.

2. Dispositive motions shall be filed by February 19, 2018.

3. Final Pretrial Conference is set before District Judge Yandle on August 15, 2018, at 9:30 a.m.

4. Jury trial is set for August 27, 2018, at 9:00 a.m.

**IT IS SO ORDERED.**

**DATED: December 4, 2017**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**